UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

MICHAEL SAHNO,

        Plaintiffs,

v.

PRESSLER AND PRESSLER LLP,

        Defendant.

**14 CV 7461**

JUDGE SWEET

Civil Action File No.



RECEIVED SEP 15 2014 U.S.D.C. S.D. N.Y. CASHIERS

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiffs, Michael Sahno [hereinafter "Sahno"], complains of Pressler and Pressler LLP [hereinafter "Pressler"], and shows the court the following:

1. This court has jurisdiction of this case pursuant to (1) section 1692k(d) of the Fair Debt Collection Practices ("FDCPA"), 15 U.S.C. § 1692k(d), and (2) 28 USCS § 1331.

2. Venue in this district is proper based on the location of Pressler's principal place of business in this district; Pressler's regular transaction of business within this district; and Pressler having derived substantial revenue from services rendered in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Sahno is a natural person residing at 289 Main Street, # 2A, Cold Spring, NY 10516.

6. Sahno is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. Pressler is a limited liability partnership with a place of business located at 305 Broadway, 9th Floor, New York, NY 10007.

8. The principal purpose of Pressler is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

9. Pressler is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

10. The debt allegedly owed by both Sahno arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. On November 2, 2012, Pressler commenced a consumer collections lawsuit against Sahno on behalf of Midland Funding LLC and obtained a default judgment against Sahno in a case in the Civil Court of the City of New York, County of Kings under Index No. CV-035025-12/KI ("State Action").

12. At the time of the commencement of the State Action and for several years prior, Sahno resided in Putnam County at 289 Main Street, #2A, Cold Spring, NY 10516.

13. Sahno never was served with the summons and complaint in the State Action and knew nothing about the existence of the State Action or the default judgment until he checked his credit report on September 24, 2013.

14. The statute of limitations on the bringing of this action was tolled until Sahno discovered the existence of the State Action on September 24, 2013. Kearny v Cavalry Portfolio, 1:12-cv-00860-DLI-RML (EDNY July 31, 2014); Serna v. Law Office of Joseph Onwuteaka, P.C., 732 F.3d 440 (5th. Cir., 2013).

15. On May 7, 2014, Pressler as the attorneys for Midland Funding LLC and Sahno's attorney entered into a written stipulation vacating the default judgment.

16. 15 USC 1692i provides as follows:

> "**(a) Venue**
> Any debt collector who brings any legal action on a debt against any consumer shall—
> **(1)** in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
> **(2)** in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—
> **(A)** in which such consumer signed the contract sued upon; or
> **(B)** in which such consumer resides at the commencement of the action.
> **(b) Authorization of actions**
> Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors."

17. Since Sahno never was served in the State Action, he did not have an opportunity to submit a responsive pleading. Therefore, he cannot be deemed to have waived his objection to the jurisdiction of the court in the State Action or the venue in which he was sued. A violation of 15 USC 1692i also cannot be waived.

18. There is no signed contract in a consumer credit card collection lawsuit such as the State Action; and a debt collector violates 15 USC 1692i if it does not bring an action to collect on the credit card debt "in the judicial district or similar legal entity in which such consumer resides at the commencement of the action". 15 USC 1692i(a)(2)(B); and Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011).

19. Even if there was a contract signed by Sahno, it was not signed in New York City.

20. In New York City Civil courts such as the one in the State Action, based on § 102 of the New York City Civil Court Act, the term "judicial district" as set forth in 15 USC 1692i(a)(2) extends no farther than the boundaries of any one of the five boroughs of New York City. Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011); and Suesz v. Med-1 Solutions, LLC (7th Cir., 2014).

21. Even if for cases in New York City Civil courts the term "judicial district" as set forth in 15 USC 1692i(a)(2) is construed to include towns contiguous by land to New York City, Sahno's residence was not in a town contiguous by land to New York City. Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011); and Suesz v. Med-1 Solutions, LLC (7th Cir., 2014).

## FIRST CAUSE OF ACTION

22. Sahno repeats and realleges paragraphs 1-21 of this Complaint.
23. Pressler violated 15 USC 1692i. by bringing the State Action against Sahno in the Civil Court of the City of New York, Kings County.

## SECOND CAUSE OF ACTION

24. Sahno repeats and realleges paragraphs 1-21 of this Complaint.
25. As a result of prior dealing with Sahno on a different matter and conversations with his neighbors prior to the State Action in order to confirm his address, Pressler was aware of Sahno's residing at 289 Main Street, # 2A, Cold Spring, NY 10516 prior it filing the State Action.
26. Despite Pressler's knowledge prior to its filing the State Action that Sahno resided at 289 Main Street, # 2A, Cold Spring, NY 10516, Pressler still filed the State Action in violation of 15 USC 1692i.
27. Pressler failed to conduct a meaningful review of its file prior to filing the State Action in violation of 15 USC 1692e.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff against Defendant for:

1. Statutory damages of $1,000;

2. Actual damages of Sahno representing the emotional toll and costs of having to defend against the improper State Action and resulting judgment;

3. Costs and attorneys' fees allowed as a result of this action;

4. Any and all other relief deemed just and warranted by this court.

Dated:          September 12, 2014

/s/
Mitchell L. Pashkin, Esq. (MP-9016)
Attorney For Plaintiff
775 Park Avenue, Ste. 255
Huntington, NY 11743
T: (631) 629-7709
F: (631) 824-9328

/s/
Jesse Langel, Esq. (JL-7079)
The Langel Firm
Attorney For Plaintiff
225 Broadway, Suite 700
New York, NY 10007
T: (646) 290-5600
F: (646) 964-6682